RICHARD PELLETIER *v.* HENRY C. WHITE,
WELFARE COMMISSIONER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 301

Argued June 17—decided September 24, 1976

*Edward F. Pasiecznik,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*John A. Berman,* with whom, on the brief, was *Shelagh H. O'Neill,* for the appellee (plaintiff).

SPONZO, J. The defendant commissioner found the plaintiff to be legally liable and able to contribute to the support of his father, a recipient of public assistance, under the provisions of § 17-82e of the General Statutes, and the plaintiff requested a fair hearing. After the hearing officer upheld the defendant's determination that the plaintiff was legally liable, the plaintiff appealed to the Circuit

Court pursuant to § 17-2b[2] of the General Statutes. The court rendered judgment sustaining the appeal on the ground that the hearing officer acted arbitrarily, illegally, and in abuse of her discretion by failing to apply the provisions of § 17-326 of the General Statutes to the plaintiff's case. Upon stipulation of the parties the defendant has appealed to this court. General Statutes § 52-6a. The principal issue presented in this appeal is whether the court erred in sustaining the plaintiff's appeal from the decision of the hearing officer.

In an appeal from an administrative decision the function of the trial court is limited to a review and consideration of the pleadings and, to a large extent, the record. *Graham* v. *Houlihan,* 147 Conn. 321, 331. Constitutionally, the court cannot exceed this function. See *State* v. *Griffiths,* 152 Conn. 48, 58. It does not try the issues de novo. *Bisogno* v. *Connecticut State Board of Labor Relations,* 150 Conn. 597, 602. The trial court considered the transcript of the fair hearing together with the memorandum of decision and other documents relating to the matter which were filed with the pleadings and made part of the record. At the fair hearing the plaintiff, the plaintiff's mother and the caseworker testified. In addition, at the direction of the hearing officer a copy of a divorce decree involving the plaintiff's parents was filed.

Although the plaintiff did not formally invoke the provisions of § 17-326 as an exemption from his legal liability to contribute to the support of his father, the record discloses that a great portion of the fair hearing was concerned with that issue. In her memorandum of decision the hearing officer even noted that "the appellant stated that his father

<hr>

[2] General Statutes § 17-2b provided, in pertinent part, that "the applicant for such hearing, if aggrieved, may appeal therefrom . . . to the circuit court . . . ."

did not support him with any regularity." In addition, the hearing officer requested and did, in fact, receive a copy of the divorce decree which is part of the record.

The evidence adduced at the hearing and in the divorce decree revealed that the plaintiff was born on August 2, 1947, and that his parents were divorced on June 30, 1955. At the time of the decree the plaintiff's father was ordered to pay $10 per week as alimony and $5 per week for the support of each of two children. The plaintiff and his mother testified at the hearing that the father did not pay support for his two children except on the average of once a month for the first year of the divorce. That testimony was supported by a written statement of the plaintiff, his mother, his sister and his father. That statement is part of the record. The mother remarried in 1958, at which time the plaintiff's stepfather furnished full support for the minor children. After his mother's remarriage the plaintiff had no relationship with his father and stated that his father "was never a father to me. I think my real father was my stepfather."

Section 17-326 of the General Statutes provides, in relevant part, that: "No person shall be liable under any provision of the general statutes for the support of a parent who wilfully deserted such person continuously during the ten-year period prior to such person reaching his majority. For the purposes of this section, wilful desertion means total neglect of parental responsibility in failing to provide reasonable support and care within the financial capability of the parent." The person claiming the benefit of that provision must establish that there was a wilful, intentional desertion by the parent and that the parent had the financial capability to contribute to that person's support. *State* v. *Berglund*, 4 Conn. Cir. Ct. 644, 647–48.

The evidence before the hearing officer established that the plaintiff was wilfully deserted by his father continuously during the ten-year period prior to his reaching the age of majority. It must be remembered that in 1968 the age of majority was twenty-one years. At the time of the divorce decree in 1955 the court determined that the father was able to pay $5 per week for the support of the plaintiff and there is no indication that there was any change in that ability during the period in question. Wilful desertion means intentional desertion. *Lindquist* v. *Lindquist,* 137 Conn. 165, 167. The word "neglect" means "to omit or not to do something that should be done." It involves something more than a failure without fault. *State* v. *Berglund,* supra, 648.

The hearing officer was required by law to base her decision upon all the evidence introduced and to apply all provisions of law. General Statutes § 17-2b. A decision which ignored a clearly applicable statute is contrary to law and cannot stand. In this case the plaintiff's eligibility for exemption under § 17-326 was so clearly established by the evidence that the hearing officer could not treat the case as though the only issue were the plaintiff's ability to pay. Under these circumstances no other conclusion can be drawn except that the hearing officer was arbitrary in her decision, which was so unreasonable as to amount to an abuse of discretion. The trial court was correct in sustaining the appeal.

There is no error.

In this opinion SPEZIALE and PARSKEY, Js., concurred.