PLASTIC DISTRIBUTORS, INC. *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION
(3338)

BORDEN, SPALLONE and DALY, Js.

Argued June 7—decision released September 10, 1985

*Jeffrey M. Sachs,* for the appellant (plaintiff).

*Kathryn Mobley,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

BORDEN, J. This is an appeal from the judgment of the trial court dismissing the plaintiff's petition for review of the decision of the defendant commissioner of transportation. The commissioner's decision had denied the plaintiff certain payments which the plaintiff had claimed under the Uniform Relocation Assistance Act (URAA). General Statutes §§ 8-266 through 8-282.

The administrative record, as reviewed by the trial court, revealed the following facts: The plaintiff was a wholesale distributor of household items. It conducted its business from a site in Hartford and had two feeder warehouses. The defendant instituted eminent domain proceedings against the Hartford site in connection with a highway project, forcing the plaintiff to relocate to a new facility in East Windsor. At the time of the move, the plaintiff's inventory, consisting of thousands of items, was contained in over 200,000 separate corrugated cartons. Various other property, such as desks, chairs, typewriters and other business machines, also had to be relocated.

The plaintiff's business, which involved the acceptance of goods from manufacturers, the storage of those goods, the assembling of orders and the delivery of

ordered goods, required that the goods be organized in a certain way so that the plaintiff's employees could readily find them.

When it relocated to the East Windsor facility, the plaintiff consolidated all three of its warehouses into one. It also installed a new computer system and reorganized its inventory. The plaintiff implemented the move itself so that its employees, who knew the operation of the business, could move the inventory. The move took place between April 14, 1980, and May 30, 1980, and the plaintiff's business was completely closed for business due to the move from May 9, 1980, through May 30, 1980.

The plaintiff applied for reimbursement under the URAA; General Statutes § 8-268 (a);[1] for moving expenses, including rental payments at the Hartford and the East Windsor sites for the entire six-week moving period, and payments for the utilities at both sites for the period from May 9, 1980, through May 30, 1980. The department paid some of the claimed expenses but denied others, including the claim for the rent and utilities which is at issue here. The plaintiff appealed the denial of those claims to the relocation advisory appeals board. The board allowed payment for some of the claims, but agreed with the denial of others, including

[1] General Statutes § 8-268 (a) provides in pertinent part: "Whenever a program or project undertaken by a state agency or under the supervision of a state agency will result in the displacement of any person on or after July 6, 1971, the head of such state agency shall make payment to any displaced person, upon proper application as approved by such agency head, for (1) actual reasonable expenses in moving himself, his family, business, farm operation or other personal property; (2) actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property, as determined by the state agency, and (3) actual reasonable expenses in searching for a replacement business or farm . . . ."

the rent and utility expenses. The decision of the appeals board was adopted by the commissioner of transportation.

The plaintiff thereupon appealed to the court, which determined that the basis of "the decision of the Appeals Board . . . concerning the utility and rental expenses was vague, ambiguous and confusing," and remanded the action to the appeals board for clarification. After a hearing, the appeals board issued a "Response to Order for Remand," adopted by the commissioner, which stated summarily that the claim for reimbursement of the rental and utility expenses was denied. It cited § 8-273-11 (a) of the agency's regulations,[2] which excludes reimbursement for additional living expenses incurred due to moving to a new location, as the basis of its denial.

The plaintiff again appealed to the court. This appeal involved only the claim for the rent and utility expenses, which the parties stipulated were in the amounts of $20,000 and $3556, respectively. The court upheld the decision of the commissioner and the appeals board on the basis that the claimed expenses were living expenses under § 8-273-11 (a) of the regulations and were, therefore, not reimbursable. The court also offered two alternative bases on which the claims could have been denied, although neither basis was mentioned in either of the board's decisions. The court stated that the record showed that these expenses were related to improvements made to the East Windsor site and to modifications to property moved to that site, both of which are excluded from reimbursement under the agency's regulations. Regs., Conn. State Agencies § 8-273-11 (c), (j).

---

[2] Section 8-273-11 of the Regulations of Connecticut State Agencies provides in pertinent part: "A displaced person is not entitled to be paid for— (a) Additional expenses incurred because of living in a new location . . . ."

On appeal to this court, the plaintiff essentially claims that the trial court erred (1) by affirming the board's decision and by not holding that the claimed expenses were reimbursable as actual reasonable moving expenses under General Statutes § 8-268, and (2) by upholding the decision on alternative grounds not mentioned by the board in its decision. We find error.

We treat initially the claim of error that the trial court erred by addressing alternative grounds for upholding the appeal. The trial court was acting in an appellate posture when this case came before it. As such, the court was limited to the administrative record before it and could not try the case de novo. *Connecticut Natural Gas Corporation* v. *PUCA,* 183 Conn. 128, 133–34, 439 A.2d 282 (1981); *Pelletier* v. *White,* 33 Conn. Sup. 769, 770, 371 A.2d 1068 (1976). The two alternative grounds found by the trial court to uphold the decision were § 8-273-11 (c) and § 8-273-11 (j) of the regulations. These regulations exclude reimbursement for the costs of improvements to the replacement site and modification of personal property to adapt it to the replacement site, respectively. Both were alluded to at the administrative hearings but neither the original decision by the board nor the decision currently being appealed mentions these exclusions. The board clearly did not rely on these exclusions when it denied the plaintiff's claim and the court's reliance on them is improper. The court, in effect, adjudicated facts and issues on its own and therefore, "engage[d] in surmise and conjecture" to uphold the decision. *Lee* v. *Board of Education,* 181 Conn. 69, 82, 434 A.2d 333 (1980); see *Kaplan* v. *Administrator,* 4 Conn. App. 152, 493 A.2d 248 (1985).

Moreover, we note that the plaintiff excised from its claim the expenditures it made for improvements to the replacement site and for modifications which it deemed necessary to make its equipment efficient in

the replacement building. There was no showing that there was any connection between the expenses claimed and the expenditures for improvements and modifications. The use of these exclusions as additional justifications for denying the plaintiff's claims, therefore, was misplaced.

Turning now to the plaintiff's principal claim, namely, that the court erred by not finding the rent and utilities reimbursable as actual reasonable moving expenses under the URAA, we first address the issue of our scope of review. The plaintiff circumscribes our scope of review to that of determining whether the board's decision was arbitrary, capricious or characterized by an abuse of discretion, or whether the decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. See General Statutes § 4-183 (g) (5), (6). The defendant seemingly concurs in this enunciation of our scope of review in its brief.

The parties are correct in grounding our scope of review on the provisions of General Statutes § 4-183 of the Uniform Administrative Procedure Act (UAPA), under which judicial review of the commissioner's decision is authorized. That act, however, provides four other bases on which a reviewing court may reverse or modify an agency decision. General Statutes § 4-183 (g).[3] Those bases include reviewing the agency's

---

[3] General Statutes § 4-183 (g) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

decision to see if it is in violation of statutory provisions, in excess of the statutory authority of the agency or affected by other error of law. General Statutes § 4-183 (g) (1), (2), (4). Although we recognize that " 'the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law.' " (Citations omitted.) *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 342–43, 435 A.2d 353 (1980). We, therefore, consider our scope of review to be broader than enunciated by the parties and to encompass a review of the legal questions involved.

The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation, which, upon review under the UAPA, ordinarily presents a question of law. See *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 356–57, 377 A.2d 1099 (1977). Thus, whether General Statutes § 8-268 (a) or § 8-273-11 (a) of the regulations apply to these facts is a question of law. Our review of this question leads us to conclude that the commissioner, and the trial court in affirming the commissioner's decision, made an error of law and exceeded the statutory provisions governing relocation assistance when they determined that the expenses claimed by the plaintiff were nonreimbursable living expenses.

"The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute." *Salmon Brook Convalescent Home* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 363, 417 A.2d 358 (1979). The department of transportation promulgated regulations pursuant to

General Statutes § 8-273 (b) of the URAA, which permits regulations to be established "to assure . . . that the payments and assistance authorized by this chapter shall be administered in a manner which is fair and reasonable and as uniform as practicable." Id. Regulations under this statute, however, must conform to the purpose of the act. *Salmon Brook Convalescent Home* v. *Commission on Hospitals & Health Care,* supra. That purpose, as described in General Statutes § 8-266, is "to establish a uniform policy for the fair and equitable treatment of persons displaced by the acquisition of real property by state and local land acquisition programs, by building code enforcement activities, or by a program of voluntary rehabilitation of buildings or other improvements conducted pursuant to governmental supervision." The act was designed to compensate, within specified limits, those displaced by a state agency for the actual and reasonable costs of relocating. See General Statutes §§ 8-266, 8-268; see also *Dukes* v. *Durante,* 192 Conn. 207, 216, 471 A.2d 1368 (1984).

There is no dispute that the plaintiff was required to move due to displacement by a state agency. The circumstances of this case, given the type and extent of the inventory and the need to move it in an organized fashion, however, required that the plaintiff's move from the taken site be done in an unusual manner.[4] "[W]e note that the phrase 'moving expenses' need not be given any unreasonably broad interpretation to encompass, under proper circumstances and a showing of necessity, reasonably required extra lease expenses." *Rotter* v. *Milwaukee County Expressway & Transportation Commission,* 72 Wis. 2d 553, 561, 241 N.W.2d 440 (1976). In this case, the reasonable and actual moving expenses included the rental payments

---

[4] It should be noted that no one argues that the move was done in an unreasonable manner.

for the six weeks the plaintiff needed to occupy the two sites and the utilities for the three weeks the plaintiff had to shut down business to implement fully the move between the two sites. While these expenses might be considered living expenses in another context, they were plainly incurred here solely due to the plaintiff's move which was imposed upon it by the defendant; the plaintiff's unusual needs did not transform them into living expenses. The terms and intent of the URAA, therefore, entitled the plaintiff to be reimbursed for the claimed expenses.

Furthermore, we do not believe that § 8-273-11 (a) of the regulations was intended to exclude the types of expenses at issue here. That regulation states that a displaced person is not entitled to payment for "additional expenses incurred because of living in a new location." We construe this language, in its commonly approved usage; *Citerella* v. *United Illuminating Co.*, 158 Conn. 600, 608, 266 A.2d 382 (1969); as embracing extra costs incurred due to a higher level of living in the area to which one has relocated, but not extending to the costs of moving to that area.[5] This interpretation is reinforced by the use of the phrase "*additional* expenses" in § 8-273-11 (a) (emphasis added) and by § 8-273-13 (a) (2) of the regulations. Section 8-273-13 (a) (2) refers back to the exclusions of § 8-273-11 but provides that costs entitled to be paid to a displaced business include "actual reasonable expenses for . . . [p]acking, crating, and, if the agency concerned finds it necessary, storing his personal property for not more than six months . . . ."[6] The regu-

---

[5] This regulation, for example, would exclude reimbursement for the difference between the higher rent in the replacement location, which in general has higher costs of living, and the lower rent in the taken location.

[6] Because the board did not specifically find that it was necessary for the plaintiff to store its inventory for the purposes of this move, we do not address this regulation as a basis for payment. We note, however, that it would be anomalous for a displaced person to be reimbursed for moving

lations, therefore, on their face, emphasize that *moving* expenses are to be reimbursed under the act, but living expenses beyond that are not.

The plaintiff's claim seeks reimbursement only for the rent for the six weeks during which it was in the process of transferring goods from the Hartford facility to the East Windsor facility, and for the utilities for the three weeks during which it had to shut down business to accomplish the move. No claim was made here for increased rent or an increase in the average monthly utility bill. The plaintiff did not make a claim for the costs of modifying its equipment to the new property or of making needed improvements. In sum, no expenses incurred due to "living" in the new location were claimed, even if we equate "living" to doing business. The plaintiffs only claimed expenses incurred incident to the move which they were required to make.

Although the commissioner was given broad authority to establish regulations to implement the URAA; General Statutes § 8-273; the regulations cannot be given a tortured construction which would prevent the plaintiff from being reimbursed for these expenses, and which would contravene the purposes of the act. See *Roy* v. *Centennial Ins. Co.,* 171 Conn. 463, 476, 370 A.2d 1011 (1976). The regulations, like the statute, must be construed with common sense and to reach a rational result. *Citerella* v. *United Illuminating Co.,* supra, 609. The defendant's construction would render without meaning in this case the statutory mandate of paying a displaced person for actual reasonable moving expenses and would give too broad a scope to the living expenses exclusion of § 8-273-11 (a) of the

his personal property to a storage site and then to the replacement site under § 8-273-13 (a) (2), but for the plaintiff to be precluded from payment, as a living expense, for choosing not to expend money to transport its goods to a storage site but to "store" its goods at the taken site until they could be moved, in the proper order, to the replacement site.

regulations. We conclude, therefore, on the basis of the history and purpose of the URAA as well as the terms of the regulation in question, that the plaintiff was entitled to be reimbursed for the claimed expenses.

Although in some circumstances we grant deference to an agency's interpretation of its own regulations; *Roy* v. *Centennial Ins. Co.*, supra, 473; the deference which we give to the board's decision in this case is limited. First, as previously mentioned, the agency's interpretation of the regulation runs contrary to the purpose of the act under which it was promulgated.

Second, the reasons underlying our policy of granting deference to an agency's interpretations of regulations are not present here. Where an agency has expertise in a given area and a history of determining factual and legal questions similar to those at issue, its interpretation is granted deference by the courts. See *Anderson* v. *Ludgin,* 175 Conn. 545, 555–56, 400 A.2d 712 (1978); *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975); *Breen* v. *Department of Liquor Control,* 2 Conn. App. 628, 634, 481 A.2d 755, cert. granted, 194 Conn. 808, 483 A.2d 1098 (1984). This case involves a novel and apparently unprecedented question of whether rent and utilities at both the taken site and the replacement site are moving expenses reimbursable under the URAA where, due to the nature of its inventory, the claimant moves itself, requires six weeks to move during which rent and utilities are incurred at both sites and closes down its business for three of those six weeks solely to complete the move. There is no administrative history showing that this agency has determined this type of question under the regulation in issue here. It, therefore, has no special expertise in determining if that regulation applies to these facts. We therefore do not consider it inappropriate, in a case such as this, to limit our deference to the agency's decision.

Nor do we find it inappropriate to construe the statutes and regulations in question here. In an appeal brought under the UAPA, a reviewing court sustaining an appeal usually remands the action to the agency for further action, unless there is no other course the agency may legally follow, in which case the court may direct the agency action to be taken on the remand. See General Statutes § 4-183 (g) (court may reverse or modify agency action if error of law made); see, e.g., *Feinson* v. *Conservation Commission,* 180 Conn. 421, 430, 429 A.2d 910 (1980). We conclude that this is such a case. Our review of the URAA and the regulations promulgated under it indicates that, as a matter of law, the claimed expenses were not living expenses under § 8-273-11 (a) of the regulations, but were, rather, the type of moving expenses intended to be reimbursed under the act. The agency could not legally conclude otherwise. We therefore do not remand the case to the agency for further proceedings, but remand it with direction to pay the claimed expenses to which the parties have stipulated.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.