CONNECTICUT LIGHT AND POWER COMPANY *v.* OVERLOOK PARK HEALTH CARE, INC., ET AL. (9505)

DUPONT, C. J., SPALLONE and HEIMAN, Js.

Argued April 24—decision released July 2, 1991

*Patrick J. O'Connell,* with whom, on the brief, were *Sarah F. Fontenot* and *Thomas J. Sansone,* for the appellant (plaintiff).

*Lloyd S. Lowinger,* for the appellees (defendant Herman Engelberg et al.).

SPALLONE, J. This appeal presents the issue of whether a nursing home falls within the definition of a "residential dwelling" within the meaning of General Statutes § 16-262e (c), which imposes liability for unpaid utility bills on the "owner, agent, lessor, or manager of a residential dwelling." The court ruled that § 16-262e (c) does not apply to nursing homes and, accordingly, rendered judgment for the defendants Herman Engelberg and Arnold Polokoff.[1] The plaintiff timely filed this appeal from that judgment.

The facts relevant to the issue on appeal can be stated briefly. The defendants are the owners of property that, at the times pertinent to this matter, was being operated as a nursing home. While the defendants were the owners of the premises, unpaid utility bills for electric-

---

[1] Herman Engelberg and Arnold Polokoff are the only defendants who are parties to this appeal and will be referred to as "the defendants" in this opinion.

ity accrued in the amount of $24,797.77. The plaintiff brought suit to recover this past due bill from Overlook Park Health Care, Inc., as the operator of the nursing home, and from Engelberg and Polokoff as the owners of the property. Engelberg and Polokoff moved for summary judgment asserting that they were not liable for any unpaid utility bills of the nursing home merely because they were owners of the building. The plaintiff relied on § 16-262e (c) as the basis for imposing liability for unpaid utility bills on the owners of the property.

Section § 16-262e (c) provides in pertinent part that the "owner, agent, lessor, or manager of a *residential dwelling* shall be liable for the costs of all electricity . . . furnished by a public service company . . . ." (Emphasis added.) The term "residential dwelling" is not defined in the statute. Accordingly, we are left with the task of determining whether a nursing home is a residential dwelling within the context of this statute.

Questions of statutory interpretation ordinarily present questions of law. *Plastic Distributors, Inc.* v. *Burns,* 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed. Although it is recognized that headings or titles of legislation are not conclusive, they may, nonetheless, be valuable aids to construction and legislative intent. *Algonquin Gas Transmissions Co.* v. *Zoning Board of Appeals,* 162 Conn. 50, 55, 291 A.2d 204 (1971). Section 16-262e is entitled: "Notice furnished *tenants* by utility re intended termination. Assumption by *tenants* of liability for future service. Liability of *landlords* for certain utility services. Deduction from *rent."* (Emphasis added.) A tenant, as defined by statute, is a "person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others . . . ." General Statutes § 47a-1 (*l*). The common usage expressed

by the terms in the heading of § 16-262e anticipates situations in which *landlords* obtain monthly rents from *tenants* who are in the exclusive control of a dwelling unit for residential purposes.

Conversly, a nursing home is defined in General Statutes, chapter 368v, Health Care Institutions, §§ 19a-511 and 19a-521 as a licensed institution that provides, in addition to shelter, personal care, meals and nursing and medical supervision twenty-four hours a day. Also encompassed within this definition are other institutions such as hospitals and mental health facilities. Nursing home residents require a high degree of personal care and pay a total fee for all services rendered by the nursing home.

The trial court's determination that a building designed to provide food, shelter and total health care services to clients who pay a single fee for all of these services is not within the ambit of a residential dwelling for the purposes of § 16-262e (c) is both reasonable and logical. The trial court's conclusion that commercial health care facilities are distinguishable from residential dwellings finds support in other jurisdictions. See, e.g., *Lanski* v. *Montealerge,* 361 Mich. 44, 104 N.W.2d 772 (1960) (nursing or convalescent home a commercial activity); *Gregory* v. *Crain,* 290 Ky. 323, 161 S.W.2d 49 (1942) (twenty-four room house operated as a private hospital for the aged violated covenant of residential purposes only).

Here, the trial court, in its memorandum of decision, provided a well reasoned legal analysis of the facts and circumstances in this case and arrived at a logical and rational conclusion.

The judgment is affirmed.

In this opinion the other judges concurred.