[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed from the action of the Wallingford Planning and Zoning Commission (hereinafter referred to as Commission) granting the application of the defendant Bristol-Myers Squibb Co. for a special permit and site plan approval for the construction of a helipad on a portion of the applicant's 177 acre property at 5 Research Parkway, Wallingford, CT.
STATEMENT OF FACTS
Many of the facts that give rise to this appeal are not in dispute. On June 10, 1991, Bristol-Myers Squibb Co. applied to the Commission for approval of a special permit and site plan for CT Page 3595 the construction of a helipad in an IX Industrial Expansion Zone. The application requested approval of a proposed relocation of an existing helipad operation from its current location in the southwest corner of the property owned by the applicant near the Research Parkway and Route #68 entrance to the property, to location in the northeast area of the property of the applicant. The proposed location is in closer proximity to a residential area of property of the applicants than is the existing location. The proposal consisted of an 8 foot fence enclosing an area consisting of approximately 90' X 175' paved helipad with an associated driveway and drainage facilities. The Commission scheduled a public hearing for July 8, 1991, at 7:30 p. m. on the special permit application. The Commission duly published notice of the public hearing in the Meriden Record-Journal. When the application for site plan approval and special permit approval was filed, the applicant wrote to the town planner by letter dated June 10, 1991, in part as follows:
 Bristol-Myers Squibb proposes for Special Permit notification purposes that the perspective subdivision lot be considered that area to be fenced in surrounding the helipad. Tim Kavanaugh will furnish a list of the abutting property owners located within 500 feet of this perspective subdivision lot upon concurrence by your office.
By letter dated June 17, 1991, the applicant wrote to the Town Planner as follows:
 Pursuant to our meeting at your office on June 12, 1991, I am presenting herewith the list of property owners for notification in accordance with Zoning Regulations for Special Permit.
 The notification list is derived from a "Conceptual Subdivision", as we concurred, defined by the security fencing which bounds the proposed helipad site as depicted on Drawing Number 3, entitled "Layout Plan" at a scale of 1"=40' included in the Site Plan and Special Permit Application package submitted to your department on June 10, 1991 by Greiner, Inc.
The Wallingford Zoning Regulations do not have any provisions for a "Conceptual Subdivision". By letter dated June 24, 1991, the Wallingford Town Planner wrote to the applicant as follows:
 Enclosed is a copy of Section 7.5 of the Wallingford Zoning Regulations. You must notify CT Page 3596 all property owners 500 feet or less from the property of your proposed application by mailing a copy of the enclosed Legal Notice.
 If you have any questions, please contact this office.
The applicants sent letters dated June 26, 1991 to the following persons who were the owners of land located within 500 feet of the helipod perimeter fence: Angelo, Jr. and Janice Losi; Thomas and Susan Kuntz; and Peter and Karen Wasilewski; notifying them of the public hearing. Thomas and Susan Kuntz as well as Peter and Karen Wasilewski are plaintiffs in the present appeal. Also plaintiffs in the present appeal are James and Maureen Heilman; and James and Carol Mikulski. Peter and Karen Wasilewski own property at 164 Highhill Road, Wallingford, CT. Thomas and Susan Kuntz own property at 160 Highhill Road, Wallingford, CT. James and Maureen Heilman own property at 188 Highhill Road, Wallingford, CT. James and Carol Mikulski own property at 170 Highhill Road, Wallingford, CT. Written notice of the public hearing was not sent to James and Maureen Heilman and was not sent to James and Carol Mikulski. The property owned by James and Maureen Heilman as well as the property owned by James and Carol Mikulski is located within 500 feet of the boundary line of the total 177 acre tract of land owned by the applicant. The property owned by James and Maureen Heilman as well as the property owned by James and Carol Mikulski is not within 500 feet of the helipad perimeter fence. At the public hearing held on July 8, 1991, Peter Wasilewski and Thomas Kuntz testified in opposition to the application. On July 8, 1991, the Commission voted to approve the application for Special Permit and Site Plan Approval for the relocation of the helipad. Notice of the decision was properly published in the Meriden Record-Journal on July 13, 1991.
II ISSUES
 The plaintiffs raise the following issues in their appeal:
 1. The Defendant Wallingford Planning and Zoning Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in that it failed to comply with the provisions of Section 7.5.D.2 of its own regulations and Connecticut General Statute Section 8-26e.
 2. The Defendant Wallingford Planning and Zoning Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in that it failed to comply with the provision of Connecticut General Statute Section 8-3 c (b).
CT Page 3597
 3. The Planing and Zoning Commission failed in its duty to comply with the regulations of the town of Wallingford which required that the Planning and Zoning Commission take into consideration the health, safety and welfare of the public in general and the immediate neighborhood in particular.
III AGGRIEVEMENT
The court finds from the evidence presented that each of the plaintiffs have proven that they are individually classically aggrieved by the actions of the defendant Commission in approving the application for Special Permit and Site Plan Approval.
IV LAW
The burden of proof to demonstrate that the defendant Commission acted improperly is upon the plaintiffs. Adolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988), Verney v. Planning and Zoning Board of Appeals, 151 Conn. 578 (1964).
In discussing interpretations of zoning regulations, the court in Coppola v. Zoning Board of Appeals, 203 Conn. App. 636,640-41 (1990) stated in part as follows:
 The question of whether a particular statute or regulation applies to a given set of facts is a question of statutory interpretation. Plastic Distributors, Inc. v. Burns, 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). Although the position of the municipal land use agency is entitled to come deference; Roy v. Centennial Ins. Co., 272 Conn. 463, 473, 370 A.2d 1011
(1976); the interpretation of provisions in the ordinance is nevertheless a question of law for the court. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 6, 434 A.2d 293
(1980); Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116-17, 186 A.2d 377 (1962). The court is not bound by the legal interpretation of the ordinance by the town. See Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152-53, 543 A.2d 1339 (1988). Rather, the court determines legislative intent from the language used in the regulations. Weigel v. Planning Zoning Commission, 160 Conn. 239, 246, 278 A.2d 766 (1971). "We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that CT Page 3598 intent. . . . (Citations omitted.). Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705, 546 A.2d 823 (1988). The words used in zoning ordinances are to be interpreted according to their usual and natural meaning. (emphasis provided)
V THE LANGUAGE IN THE ZONING REGULATIONS
As stated earlier, the property of Bristol-Myers Squibb Co. is in an industrial expansion (IX) district. Section 4.9 of the Wallingford Zoning Regulations governs the industrial expansion district. Section 4.9 C 1 provides that a helipad is a permitted use requiring approval as a Special Permit in accordance with Section 7.5. Section 7.5 of the Zoning Regulations, captioned SPECIAL PERMITS, PROVIDES IN SECTION 7.5D2 as follows:
 D. Public hearing and Notice — The Commission shall hold a hearing on all applications for a Special Permit, and shall publish a notice of said hearing in a newspaper of general circulation in accordance with Section 10.2 A herein.
 2. Each application for a Special Permit shall include a list, prepared by the applicant, of the names and mailing addresses of the owners of all land included within the application and of all properties 500 feet or less distant therefrom, all as shown on the most recent records on file in the Town's Tax Assessor's Office (or the actual owner of record if otherwise known to the applicant). The applicant shall mail notification of said pending application to at least one owner of each such property not more than 15 days or less than 10 days before the date set for the public hearing, by transmitting the text of the public hearing notice as provided by the Commission. (emphasis provided)
Section 7.5C2 of the Zoning Regulations provides as follows:
 C. Procedure — Application for a Special Permit shall be made to the Commission with an application for Site Plan Approval and shall include:
 2. A Site Plan in accordance with Section 7.4 except as such submission may be varied or waived CT Page 3599 in accordance with Section 7.4 H.
Section 7.4 of the Zoning Regulations captioned SITE PLAN INFORMATION provides in sections 7.4 A2 and 7.4 B1 as follows:
 For all uses requiring Site Plan Approval, a Site Plan application shall include a minimum of eight sets of the following information, maps and plans:
 A. Site Plan map. The Site Plan map shall illustrate the existing and proposed development of the property and shall include the following information.
2. The property.
 a. The boundaries and area of the property and names of all abutting owners, including those across the street.
 B. Topographic map — The topographic map shall illustrate the existing and proposed conditions of the property and shall illustrate the following information.
1. The boundries and area of the property.
VI THE PLAINTIFFS' CLAIM THAT THE DEFENDANT COMMISSION FAILED TO COMPLY WITH THE PROVISION OF SECTION 7.5.D.2 OF ITS OWN REGULATIONS
The defendant Commission and the defendant Bristol-Myers Squibb Co. make the following argument in support of the claim that the notice provisions of Section 7.5 D.2 have been met in this case:
 A plain reading of the applicable notice provision establishes than a applicant need not notify persons simply because they own land in close proximity to any lands of the applicant. Notification is instead restricted to owners 500 feel or less distant from "all land included within the application." Zoning Regulations 7.5 D.2. (Exhibit 25). Thus, the regulation serves the purpose of providing for the specific notification of property owners in close proximity to the actual use, while affording other interested parties (if any) notice by newspaper publication. This interpretation is CT Page 3600 consistent with the purpose of notice which is to allow parties likely to be affected by an action time to prepare to be heard at the public hearing. See Kleinsmith v. Planning Zoning Comm'n. , Conn. 303, 310 (1968). On the other hand, plaintiffs' interpretation of the Regulations defies common sense since it could result in no notice being given to a landowner living 600 feet from a proposed use at the edge of a large parcel while requiring specific notice to a property owner located several miles away from the proposed use (but adjacent to the boundary of an applicant's property).
 Of course "land included within the application" could, in certain instances, equate with all property of an applicant. However, in this instance that is not the case. Bristol-Myers' proposal was for an isolated and self-contained use, independent from the other uses in existence at the property. Accordingly, the land included within the application for the construction of the helipad was properly characterized by the Wallingford Town Planner and Bristol-Myers as the helipad itself, as defined by the security fence at its perimeter. The adoption of the phrase "conceptual subdivision" to describe the operation of the Regulations has no independent legal effect. Instead, it merely serves to express the concept of land included or associated with a specific use as provided by the Regulations, as opposed to land under the general control or ownership of an applicant.
 The site plan application submitted by Bristol-Myers reinforces the above conclusion. Under the submission, Bristol-Myers identified the intended use as a "helipad relocation" and identified the location as the "northeast corner of Bristol-Myers property." (Exhibit 2). Likewise, the plans submitted with the application were not for the entire Bristol-Myers property, but only for the proposed helipad location. (See Exhibit 3). It was on this basis that the Commission considered the application.
The court is not persuaded by that argument. CT Page 3601
The Zoning Regulations of the Town of Wallingford are clear and unambiguous. A helipad use in an industrial expansion (IX) district requires special permit approval in accordance with Section 7.5. The procedure for obtaining special permit approval under Section 7.5 requires an application for a special permit to be made to the Commission with an application for site plan approval. The site plan information must include a site plan map that shall illustrate the existing and proposed development of the property and shall include the boundaries and area of the property and names of all abutting owners, including those across the street. A topographic map is also required to illustrate the existing and proposed conditions of the property including the boundaries and area of the property. The requirement for notification to be mailed to at least one owner of all property included within the application and all properties 500 feet or less distant therefrom refers to the property required to be shown on the site plan. The property required to be shown on the site plan is the total boundary of the property of the applicant. It is true that under the provisions of Section 7.5.C.2 that the special permit procedure that requires application for site plan approval does provide for a variance or waiver of the site plan requirements in accordance with Section 7.4.H. There is, however, no provision for waiver of the public hearing and notice requirements of Section 7.5.D. In addition neither Bristol-Myers Squibb Co. nor the Commission have claimed that the variance or waiver provisions are applicable. Further, there is no evidence in the record that the Chairman of the Commission approved any such variance or waiver.
The defendant Commission acted improperly in this case in that it proceeded to public hearing without the required notification by mail to all owners of land within 500 feet of the property owned by the applicant.
Accordingly, the following order is entered.
ORDER
The appeal is sustained.
SIDNEY AXELROD, JUDGE.