[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The issue presented here is whether the defendants' motion to strike count three of the plaintiffs complaint, which is predicated on a theory of unjust enrichment, should be granted because of legal insufficiency. CT Page 1553
FACTUAL BACKGROUND
On February 1, 1994, the plaintiff, United Illuminating, filed a three-count complaint against the defendants, Winthrop Health Care, Inc., Nelson Associates, and Nelson Tuchman and Herbert Tuchmam.[1] This action arises out of the alleged nonpayment of electrical services. Count three alleges, in part, that Nelson Associates, and Nelson: and Herbert Tuchman, as partners of Nelson Associates, are liable for the payment of the services "as owner of record" of the subject property, and the defendants are "unjustly enriched by not compensating the Plaintiff" for these services.
On July 3, 1997, the defendants, Nelson Associates, Nelson Tuchman and Herbert Tuchman, filed a motion to strike count three of the complaint.[2]
As required by Practice Book § 155, the defendants filed a memorandum in support of their motion to strike. The plaintiff did not file a memorandum in opposition.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id.
As a preliminary matter, although the plaintiff's failure to file a memorandum in opposition to the defendants' motion to strike may serve as a ground for granting the motion, this court has the discretion to waive the plaintiff's failure. See Bushka v. Bushka, Superior Court, judicial district of Waterbury, Docket No. 126366 (July 22, 1996, Peck, J.), and cases cited therein. In Bushka v. Bushka, despite the plaintiff's failure to file a timely opposition to the defendant's motion to strike, the court permitted the plaintiff to present oral argument in opposition. The court determined that "while Practice Book § 155 mandates the-filing of a memorandum of law in opposition to a motion to strike, the failure to do so is no longer fatal and can be waived by the court." (Internal quotation marks omitted.) Id. In the present case, this court permitted the plaintiff to present its opposition at oral argument. CT Page 1554
The defendants move to strike on the ground that count three alleges unjust enrichment, but that "this allegation is legally insufficient under [General Statutes § 16-262e]." The defendants argue that they cannot be held personally liable for the electric bills of Winthrop Health Care Center merely because they own the property upon which the nursing home stood. They further argue that "[t]he plaintiff cannot meet its burden of proof in establishing unjust enrichment" because the plaintiff fails to allege that the plaintiff rendered property or services pursuant to a contract between these parties, the plaintiff fails to state what benefit the defendants received, and the plaintiff "cannot show that the defendants unjustly
failed to pay for such services." (Memorandum, p. 6). The defendants contend that General Statutes § 16-262e, and the case of ConnecticutLight Power v. Overlook Park Health Care. Inc., "clearly establish that the individual defendants in the instant case have no legal responsibility to pay for electric services rendered to Winthrop Health Care Center." (Memorandum, p. 6). However, the ConnecticutLight Power v. Overlook Park Health Care. Inc. case does not clearly establish this proposition.
In Connecticut Light Power v. Overlook Park Health Care.Inc., 25 Conn. App. 177, 593 A.2d 505 (1991), the issue was whether a nursing home was defined as a "residential dwelling" for purposes of General Statutes § 16-262e(c), a statute "which imposes liability for unpaid utility bills on the owner, agent, lessor, or manager of a residential dwelling.'" Id., 178. The plaintiff had relied on § 16-262e(c) as a basis for imposing liability for unpaid utility bills on the owners of property that "was being operated as a nursing home." Id. The owners/defendants moved for summary judgment, arguing that they were not liable for unpaid utility bills merely on the basis of their ownership of the building. The trial court concluded that the statute did not apply to nursing homes and rendered summary judgment for the defendants. The Appellate Court, upon examining the statutory language and the legislative history, agreed with the trial Court. However, the Appellate Court did not predicate its holding upon the ownership status of the defendants. Rather, the court merely determined that the subject property, a nursing home, was not encompassed within the statutory definition of a "residential dwelling."
As previously noted, the defendants in the present case move to strike count three, which alleges liability under a theory of unjust enrichment, on the ground that it "is legally insufficient under [General Statutes § 16-262e]." The plaintiff, however, is not alleging cause of action under § 16-262e. Liability CT Page 1555 under General Statutes § 16-262e and under unjust enrichment are two distinct causes of action.
"A right of recovery for unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." (Brackets omitted; internal quotation marks omitted.)McNeil v. Riccio, 45 Conn. App. 466, 475, 696 A.2d 1050 (1997) "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. (Internal quotation marks omitted.) Hartford WhalersHockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283,649 A.2d 518 (1994).
In reviewing a motion to strike, the court takes the facts alleged in the complaint and construes that complaint "in the manner most favorable to the plaintiff." Westport Bank TrustCo. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 1992). "This includes the facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) Id.
Count three alleges that the plaintiff supplied electrical service at 240 Winthrop Avenue and that the defendants are liable "as owner of record for 240 Winthrop Avenue. . . . "The plaintiff also alleges that it supplied the electrical services with the expectation that it would be paid, and that the sum of $101,346.89 is owed, "as well as amounts due on continuing electrical service. . . ." Count three further claims that the defendants were "unjustly enriched by not compensating the plaintiff for the services rendered."
The defendants argue that there is no allegation: of a contractual relationship between these parties, and the plaintiff fails to allege what benefit the defendants received, or that the defendants unjustly failed to pay for such services.
"[T]he plaintiff need not resort to the incantation of magic words. Instead, its leading must be held to satisfy the requirement of the Practice Book if the facts set forth herein, including all facts necessarily to be implied therefrom, support the essential elements of the cause of action." Kurtzman-VioletteCT Page 1556Heating and Air Conditioning Co. v. Konover Construction Corp. , Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 543571 (May 26, 1995, Sheldon, J.). In Glover v. Glover, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 155441 September 12, 1997, Hickey, J.), for example, the court denied a motion to strike a count in which the plaintiff alleged that she conferred a benefit on the defendant by improving certain premises and that the defendant unjustly failed to reimburse her for the repairs. The court emphasized that it was obvious that "the plaintiff implicitly alleges that such lack of reimbursement is to her detriment." Id. Similarly, in GeneralBuilding Supply v. Kiernan Associates, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 454889 (August 31, 1994, Lavine, J.), the court denied the defendant's motion to strike, explaining that recovery under unjust enrichment required a showing that the defendant had received something of value, and "that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff." Id.
Here, the plaintiff attempts to allege a common law action for unjust enrichment. The plaintiff alleges that it provided the defendants with something of value, the defendants are liable as owners of record of the subject property, the defendants have refused to pay, and the defendants were unjustly enriched by not compensating the plaintiff. Thus, the plaintiff properly has alleged the essential elements of a cause of action for unjust enrichment in count three of the complaint.
CONCLUSION
Based on the foregoing, the defendants' Motion To Strike (#110) is denied.
So ordered.
Michael Hartmere Judge of the Superior Court