E.I.S., INC., ET AL. *v.* CONNECTICUT BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS (12656)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued February 14—decision released June 3, 1986

*Haynes N. Johnson,* for the appellant (named plaintiff).

*Neil G. Fishman,* assistant attorney general, with whom were *Robert M. Langer,* assistant attorney gen-

eral, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Robert T. Statchen,* assistant attorney general, for the appellee (defendant).

*Roger E. Koontz,* filed a brief as amicus curiae.

CALLAHAN, J. This is an appeal from the judgment of the trial court upholding a decision of the defendant, Connecticut Board of Registration for Professional Engineers and Land Surveyors (hereinafter board), ordering the named plaintiff, E.I.S., Inc. (hereinafter E.I.S.),[1] to discontinue its violations of General Statutes § 20-306a.[2] We find error.

---

[1] The plaintiff Barbara A. Obeda is not a party to this appeal. We therefore refer to E.I.S. as the plaintiff for purposes of this appeal.

[2] "[General Statutes (Rev. to 1981)] Sec. 20-306a. PRACTICE OF ENGINEERING BY CORPORATIONS. (a) The practice of or the offer to practice engineering in this state by individual registered professional engineers under the corporate form or by a corporation, a material part of the business of which includes engineering, is permitted, provided such personnel of such corporation as act in its behalf as engineers are registered or exempted from registration under the provisions of this chapter, and provided such corporation has been issued a certificate of authorization by the board of registration for professional engineers and land surveyors as provided herein. No such corporation shall be relieved of responsibility for the conduct or acts of its agents, employees or officers by reason of its compliance with the provisions of this section, nor shall any individual practicing engineering be relieved of responsibility for engineering services performed by reason of his employment or relationship with such corporation. All final drawings, specifications, plots, reports or other engineering papers or documents involving the practice of engineering which are prepared or approved by any such corporation or engineer for use of or for delivery to any person or for public record within this state shall be dated and bear the signature and seal of the engineer who prepared them or under whose supervision they were prepared.

"(b) A qualifying corporation desiring a certificate of authorization shall file with the state board of registration of professional engineers and land surveyors an application upon a form prescribed by said board accompanied by an application fee of one hundred fifty dollars. Each such certificate shall expire one year from the date of its issuance but shall be renewable annually upon payment of a fee of one hundred dollars. If all requirements of this chapter are met, the board shall issue to such corporation a certificate of authorization within thirty days of such application; provided the

The board issued a complaint pursuant to General Statutes § 20-307a[3] charging E.I.S. with engaging in the practice or offering to practice the profession of engineering without proper registration. Following hearings on July 31, 1981, and March 9, 1982, the board made the following findings: that E.I.S.'s ordinary business involves analysis of applications submitted to town agencies, preparation of environmental impact statements, and teaching seminars concerning the interrelationship between biology, geology and hydrology and land use decisions; that the Woodbury planning commission asked E.I.S. for an environmental analysis of an application for a proposed business condominium development; and that E.I.S. prepared a report which included statements to the effect that sight lines were in excess of 200 feet, that a solution to this problem was to move the entrance twenty feet south, and that "Rip Rap for energy dissipators must be designed into an appropriate water control plan." The board found that these statements constituted engineering within the meaning of General Statutes § 20-299 since they involve "consultation and evaluation in connection with a privately owned project wherein the public welfare

board may refuse to issue a certificate if any facts exist which would entitle the board to suspend or revoke an existing certificate.

"(c) Each such corporation shall file with the board a designation of an individual or individuals registered to practice engineering in this state who shall be in charge of engineering by such corporation in this state. Such corporation shall notify the board of any change in such designation within thirty days after such change becomes effective."

[3] "[General Statutes] Sec. 20-307a. INVESTIGATION OF VIOLATIONS. HEARING. The department of consumer protection may, upon request of the state board of registration for professional engineers and land surveyors or on its own motion, inquire into the existence of violations of the provisions of this chapter. If, after notice and opportunity for hearing as provided in the regulations established by the commissioner of consumer protection, the board determines that a violation of any provision of this chapter or any regulations adopted thereunder exists, it may issue an appropriate order to the person or persons found to be so violating such provision, providing for the immediate discontinuance of the same."

and safeguarding of life, public health or property is concerned." The board concluded that E.I.S. violated General Statutes § 20-306a by practicing the profession of engineering without a license issued in accordance with chapter 391 of the General Statutes.[4] The plaintiff appealed to the Superior Court and that court dismissed the appeal.

On appeal to this court the plaintiff argues on a number of grounds that the trial court erred in upholding the board's decision that E.I.S. violated General Statutes § 20-306a by practicing engineering without a license. Because we find that there was insufficient evidence before the board to warrant a finding that E.I.S. was engaged in the practice of professional engineering, we need not address the plaintiff's other claims.

We note that the interpretation of a statute by an agency created to administer that statute is traditionally accorded great deference. *Connecticut State Board of Labor Relations* v. *Board of Education,* 177 Conn. 68, 74, 411 A.2d 28 (1979). A court may, however, reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are arbitrary. General Statutes § 4-183 (g) (6).

The board is empowered to regulate those persons engaged in professional engineering. See General Statutes (Rev. to 1981) §§ 20-300, 20-299. General Statutes § 20-299 defines a "professional engineer" as an individual who, by his knowledge of certain sciences, renders or offers to render "professional service such as consultation, investigation, evaluation, planning,

---

[4] The board also found that E.I.S. had offered to perform the practice of engineering pursuant to a listing in the 1980-81 Danbury, Connecticut telephone directory yellow pages under the caption "Engineers-Consulting." This finding was not advanced as a basis for appeal to the Supreme Court.

design or responsible supervision of construction, in connection with any public or privately owned structures . . . wherein the public welfare or the safeguarding of life, public health or property is concerned or involved." The plaintiff contends that the three statements in its report to the town of Woodbury do not constitute the practice of professional engineering. The board argues that the record fully supported its decision that E.I.S.'s statements constituted professional engineering in violation of General Statutes § 20-306a.

The report prepared by E.I.S. was an environmental analysis of a proposed business condominium development in Woodbury, discussing the environmental effect of the development on a cranberry bog. The three statements cited by the board as constituting engineering were merely comments and suggestions made by an environmental analyst. The preparation of the report did not require knowledge of "mathematics, the physical sciences and the principles of engineering, acquired by professional education and practical experience." General Statutes (Rev. to 1981) § 20-299; see *Howarth* v. *Gilman,* 365 Pa. 50, 53–54, 73 A.2d 655 (1950); *State ex rel. Wisconsin Registration Board of Architects & Professional Engineers* v. *T.V. Engineers of Kenosha, Inc.,* 30 Wis. 2d 434, 442, 141 N.W.2d 235 (1966).

It is established that regulatory statutes such as the one involved in this case are founded upon the sound policy of the protection of public health and safety, as well as the protection of the public against incompetence and fraud. *Costello* v. *Schmidlin,* 404 F.2d 87, 93 (3d Cir. 1968); *Dick Weatherston's Associated Mechanical Services, Inc.* v. *Minn. Mutual Life Ins. Co.,* 257 Minn. 184, 189–90, 100 N.W.2d 819 (1960). This purpose is reflected in the language of General Stat-

utes § 20-299.[5] E.I.S. was not involved in the design or planning of the Woodbury project. Rather, its report was merely incidental and preparatory to the project and prepared for the information of the municipal agency involved. See *Dick Weatherston's Associated Mechanical Services, Inc.* v. *Minn. Mutual Life Ins. Co.*, supra, 191–92. We conclude that these facts do not support a finding that the plaintiff's report was inimical to life, health, property or public welfare as required by § 20-299 and did not trespass upon the functions for which only a professional engineer has the requisite skill and training. Id., 191. Any changes that Woodbury chose to implement as a result of E.I.S.'s report would have to be approved and supervised by a licensed engineer thereby protecting the public interest. Id. The board's finding that the three statements contained in E.I.S.'s environmental impact report constitute professional engineering is therefore arbitrary and has the unreasonable effect of restricting mere commentary.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other justices concurred.

---

[5] General Statutes (Rev. to 1981) § 20-299 provides in pertinent part:

"DEFINITIONS. For the purposes of this chapter, 'professional engineer' means a person who is qualified by reason of his knowledge of mathematics, the physical sciences and the principles of engineering, acquired by professional education and practical experience, to engage in engineering practice, including the rendering or offering to render to clients any professional service such as consultation, investigation, evaluation, planning, design or responsible supervision of construction, in connection with any public or privately owned structures, buildings, machines, equipment, processes, works or projects *wherein the public welfare or the safeguarding of life, public health or property is concerned or involved* . . . ." (Emphasis added.)