[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Bureau of Public Transportation section of the Connecticut Department of Transportation (DOT) revoking a livery permit of the appellant to conduct an intrastate limousine service. The DOT regulates livery service permits under Chapter 224b, sections13b-101 through 13b-109 of the General Statutes. This function was formerly carried out by the Department of Public Utility Control (DPUC) until the responsibility for issuing permits for the operation of motor vehicles and livery service was shifted to the DOT by Public Act 80-372, effective October 1, 1980. This appeal is taken under section4-183(j) of the General Statutes. The appellant makes two claims: (1) the regulation on which revocation of the permit was made is not valid because it was not properly adopted by the DOT; and (2) the facts of this case, considering the procedures used by the defendant, do not justify the remedy of revocation of the livery permit.
The essential facts are uncontested. In addition, in an CT Page 2029 appeal under section 4-183(j)(5) of the General Statutes the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Lieberman v. Board of Labor Relations, 216 Conn. 253,262. If there is evidence which reasonably supports the agency's decision, it must be upheld. Persico v. Maher,191 Conn. 384, 409.
Bryan Executive Limousine, Inc. (Bryan) was reissued a livery permit on September 30, 1987 to operate a livery service between points in Connecticut and several other states and to operate an intrastate service for eight motor vehicles within Connecticut from a headquarters in the town of Milford. By letter of May 22, 1990 DOT notified Bryan of a possible livery permit revocation proceeding because Bryan did not maintain a Milford, Connecticut headquarters. The DOT was notified by letter dated May 31, 1990 that Bryan maintained a headquarters at 22 Lafayette Street in Milford. A DOT investigator went to that location on July 3, 1990 and no representative of Bryan was present. An answering service was maintained there operated by a person who was not an employee of Bryan, and who had no knowledge where Bryan's records were kept. The DOT investigator was directed to a location on Railroad Avenue in West Haven where Bryan maintained a garage facility. Bryan maintained some records at the office on Lafayette Street in Milford, but that was not discussed between the DOT investigator and the Bryan employee in West Haven. The vehicles were kept, repaired and sent out to actually perform the livery services from the West Haven garage. Between 8:00 A.M. and 4:00 P.M. phone calls to the Milford office were automatically transferred to the garage, and vehicles were dispatched from that location. Between 4:00 P.M. and 8:00 A.M. the Milford answering service answered the phone and then contacted the dispatcher, who in turn contacted the customer and took appropriate action. A customer trip was not booked by going personally to the Milford office. These facts were confirmed at a hearing before the DOT on August 17, 1990.
On or about August 21, 1990, Bryan advised the DOT by letter that it had moved its location and headquarters to an address on Cherry Street in Milford and requested reconsideration of the proposed revocation of the permit. Without reconsidering the matter or doing further investigation the DOT revoked the intrastate portion of Bryan's Livery Permit No. 2300 based on section 13b-103 of the General Statutes, but allowed it to retain the interstate portion of the permit.
Section 13b-103(c) of the General Statutes allows the CT Page 2030 DOT to amend or, for sufficient cause shown, to suspend or revoke a permit to conduct a livery service. Appeals from the final decision of the DOT, can be taken to the Superior Court by any person who is aggrieved by the final decision of the agency. Section 4-183(a) C.G.S. In order to maintain an appeal the appellant must show a specific, personal and legal interest in the subject matter of the decision and that this interest has been specially and injuriously affected by the decision. Bakelaar v. West Haven, 193 Conn. 59, 65. The defendant does not contest aggrievement, and the revocation of Bryan's intrastate livery permit clearly meets the aggrievement test. Judicial review is governed by section 4-183
(j) of the General Statutes, which provides as follows:
 "The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable probative and substantial evidence on the whole record; or (6) arbitrary or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. . ."
The revocation of the permit by the DOT was based upon section 16-325-1, 16-325-4 and 16-325-5 of the Regulations of Connecticut State Agencies, effective August 24, 1965. Those regulations concerning livery service were part of the regulations of the DPUC, formerly the Public Utilities Control Authority. Section 16-325-1 defines a headquarters as "an office where (1) records of the permit holder's business are handled and kept, and (2) the permit holder or his employee is in attendance to dispatch motor vehicles used in livery service and (3) telephone service is maintained in the name of the permit holder." The defendant claims CT Page 2031 noncompliance with sections 1 and 2 of this definition. Section 16-325-4 provides that "a permit holder shall not change the location of his headquarters to a point outside the city or town specified in his permit without prior commission approval." Section 16-325-5 requires permit holders to maintain their accounts, including all books, records, vouchers, memoranda and other papers related to the business of the permit holder, in sufficient detail to furnish to the agency upon request reports of their financial condition and the results of their operations. Bryan's first claim is that these regulations were not properly adopted or ratified by the DOT and have no legal effect. This amounts to a claim that the revocation of the permit is in excess of the statutory authority of the defendant agency under section4-183(j)(2) C.G.S.
The regulation properly applies to the regulation of livery service permittees by the DOT. Section 4-38d(b) of the General Statutes covers the situation where regulatory authority is transferred from one department of state government to another. It provides:
 "Any order or regulation of a department, institution or agency, or of a division thereof, the functions, powers or duties of which are so assigned or transferred, which is in force at the time of such assignment or transfer, shall continue in force and effect as an order or regulation of the department, institution, agency or authority to which such assignment or transfer is made until amended, repealed or superseded pursuant to law."
Based on this statute regulation 16-325-1 was transferred from the regulatory authority of the DPUC to the DOT upon transfer of jurisdiction to regulate livery service to the defendant. The apparent legislative purpose of Public Act 80-372, was to place the control over livery permits in a single agency, the DOT. The regulations here are within the statutory jurisdiction of the DOT and were properly applied by the defendant to the plaintiff's business operations.
The next claim is that revocation of Bryan's intrastate livery permit was excessive punishment for noncompliance with the regulations, particularly since Bryan notified the DOT that it had a new location in Milford before the agency's final decision on August 31, 1990. Bryan concedes that it did CT Page 2032 not fully comply with the requirements for a headquarters in section 16-325-1. It concedes that the permit holder or an employee was not in attendance at the office at 22 Lafayette Street, Milford, to dispatch motor vehicles used in Bryan's livery service. While it claims that other livery services do not maintain 24 hour manning of their office headquarters either, and that this is tolerated by the DOT, there is insufficient evidence on the record to support this claim, and it probably would not bar enforcement of that regulation. See Chaplin v. Balkus, 189 Conn. 445, 448. The hearing officer concluded that although certain copies of Bryan's records were kept at the Milford location, they were not readily available for inspection and that an employee was not available to present the records for inspection. From this a finding was made that Bryan did not maintain a proper headquarters in accordance with the regulations.
Under the substantial evidence rule, reversal of an agency decision is allowed under section 4-183(j)(5) of the General Statutes only if the conclusion reached was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Lawrence v. Kozlowski,171 Conn. 705, 713; Persico v. Maher, 191 Conn. 384, 409. The report from the DOT's investigator that the records were not kept at the Milford office was probably incorrect, but he attempted to make an inspection, and his efforts were hampered by the plaintiff's failure to maintain an employee in attendance at the office who was familiar with the records to make them available for inspection. While the inspector did not make any real effort to ascertain whether records existed and where they were located, it is unnecessary to decide whether the record is sufficient to uphold the findings concerning Bryan's records and their location since substantial evidence does support the conclusion that there was no Bryan employee regularly in attendance to dispatch motor vehicles at the Milford office as required by the regulation.
As part of its claim that the penalty imposed by the DOT, namely revocation of Bryan's intrastate permit was too severe a punishment, Bryan claims that the DOT should have considered post hearing correspondence dated August 21, 1990, indicating that Bryan had secured another Milford location for its business. It is unclear from the record why this claim was not raised at the public hearing of August 17, 1990, or whether Bryan had the new location at that time.
The notice of the hearing was dated July 12, 1990, and complied with the procedures for revocation of licenses under section 4-182(c) of the General Statutes. The agency complied CT Page 2033 with the requirements of procedural due process by giving Bryan notice of the charges against it and an opportunity to contest the charges and offer opposing evidence. See Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles,165 Conn. 42, 44-46. Section 4-181 of the General Statutes places restrictions on ex parte communications to hearing officers or members of an agency who are to render a final decision in a contested case. If the letter from the plaintiff dated August 21, 1990 was additional information which could have been presented at the hearing, the DOT properly failed to consider it.
In some cases a party in a contested case may file a petition with the agency for reconsideration of a final decision on the grounds that new evidence has been discovered which materially effects the merits of the case and which was not presented at the hearing for good reasons, or where the party has other good cause for reconsideration. Section 4-181a
C.G.S. There is insufficient evidence that this provision was used, and as the plaintiff's brief suggests the letter was only a notice to the agency of a change of location under section 16-325-4. The letter was not made part of the record. Neither the regulations or any identified statute require the agency to reconsider revocation of a permit when the permittee moves to another location or to hold another hearing on suitability of the new location. The regulation merely prohibits a permit holder from changing the location of the headquarters to another town without approval of the DOT. It does not prohibit moving it within the same town, although presumably a new headquarters must meet the requirements of section 16-325-1. No request was made under section 4-183(h) of the General Statutes to present additional evidence in the appeal to clarify the post hearing contact between Bryan and the DOT, whether the Cherry Street office complied with section 16-325-1 or how and when the office was established. It has not been shown by substantial evidence that the attempted change of the office precluded the DOT from revoking the permit.
Bryan claims that its attempts to relocate its office and the fact that the record shows only a minor violation of section 16-325-1 did not justify the DOT in imposing the severe punishment of revocation of the intrastate livery permit. The DOT as an administrative agency administering state regulations has reasonable discretion in deciding whether to suspend or revoke a livery permit under section13b-103(c) C.G.S. The Superior Court on appeal can reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are arbitrary. Section CT Page 20344-183(j)(6) C.G.S.; E.I.S. Inc. v. Board of Registration,200 Conn. 145, 148. However, judicial review of the agency's conclusions is limited, and the court can only decide whether, in the light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Cos Cob Volunteer Fire Co. No. 1, Inc. v. Freedom of Information Commission, 212 Conn. 100, 104; Caldor, Inc. v. Heslin, 215 Conn. 596; Buckley v. Muzio, 200 Conn. 1, 3; New Haven v. Freedom of Information Commission, 205 Conn. 767,773. The agency's factual and discretionary determinations are to be accorded considerable weight by the courts. Lieberman v. Board of Labor Relations, 216 Conn. 253,262. While the Court tends to agree with the appellant that the DOT's revocation of the permit was heavy handed under the circumstances, the court cannot make an independent judgment in an administrative appeal whether the permit should have been revoked, but can only determine whether the agency abused its discretion. Jaffe v. State Department of Health,135 Conn. 339, 353. Whether to revoke the permit entirely or only suspend it temporarily was a judgment call within the DOT's discretion. The DOT's decision was not "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Section 4-183(j)(6) C.G.S. This precludes the court from sustaining the appeal or to remand the case for further proceedings. If the applicant had secured a new headquarters location which clearly complied with the requirements of section 16-325-1 at the time of the hearing, the appellant's argument would be more persuasive. Since the record does not disclose that the agency improperly refused to consider information on the new location at the public hearing, the court cannot find abuse of its discretion under section 4-183(j)(6) of the General Statutes as in such cases as Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 515.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE