[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant Board of Firearms Permit Examiners (the Board) which sustained the revocation of his pistol permit by the defendant Commissioner of Public Safety (Commissioner). The Commissioner's action was taken pursuant to General Statutes29-32. The plaintiff appealed that action to the Board pursuant to General Statutes 29-32b. The plaintiff appeals the Board's decision to this court pursuant to Subsection (f) of section 29-32b and section 4-183 (Rev'd to 1991).
General Statutes 29-28 sets forth the criteria and procedure for obtaining a permit to carry a pistol. It is a two-step procedure under which the applicant first obtains from the appropriate local official a permit to carry a pistol in his or her town of residence and then obtains a state-wide permit from the Commissioner. The statute provides, in relevant part, that the local official will grant the permit "provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry . . . other than a lawful use and that such person is a suitable person to receive such permit." The statute provides no criteria for issuance of the state-wide permit by the Commissioner but provides, merely, that the "commissioner may, upon application, issue to any holder of any [local] permit, a permit to carry a pistol or revolver within the state."
General Statutes 29-32 establishes the summary procedure by which either the local authority or the Commissioner may revoke a permit. It is notably succinct. "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of a felony." Section 29-32b(b) sets forth the standards for the Board to follow in reviewing a revocation of a permit by the local authority, or the Commissioner. It, too, is concise. "On such appeal the board shall inquire into and determine the facts, de novo, and CT Page 10475 unless it finds that such a . . . revocation . . . would be for just and proper cause, it shall order such permit to be . . . restored. . . ."
General Statutes 4-183 (j) (Rev'd to 1991) provides as follows: The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious of characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
In this case, the plaintiff was arrested in his former girlfriend's apartment in the early morning hours of March 23, 1990. At that time, he was in possession of a loaded pistol for which he held a valid permit pursuant to General Statutes 29-28. The criminal charges were subsequently dismissed. Nevertheless, the Commissioner revoked the plaintiff's pistol permit, and he appealed to the Board. The Board held a hearing on the case on October 15, 1990. The plaintiff appeared at the hearing pro se. Also present and testifying were the former girlfriend and the Middletown police officer who arrested the plaintiff. The court has examined the record, including the transcript of the hearing before the Board. Most of the testimony of the various witnesses is in conflict as to what took place at the girlfriend's apartment and the plaintiff's role in those events.
On October 30, 1990, the Board rendered its decision. It reads, in relevant part, as follows:
 FINDINGS OF FACT: 1. The appellant was arrested on a complaint that he broke into his girlfriend's apartment at about CT Page 10476 4:30 AM on 3-23-90. The appellant was armed with a loaded, .380 pistol at the time. 2. The appellant informed the responding officer that he had the weapon and surrendered it without incident. 3. The exact details of the events that morning cannot be established since both the appellant and his girlfriend gave different descriptions at the time and afterward. 4. The criminal charges were dismissed.
CONCLUSIONS OF LAW:
 The Board finds under the provisions of Section 29-32b, Connecticut General Statutes, that there is just and proper cause for the revocation of a pistol permit because, while no great harm resulted, the appellant showed very poor judgment bringing a gun into a situation he knew to be tense and stressful, and, as a result, he cannot be considered a suitable person. Therefore, the Board upholds the issuing authority in this matter.
The plaintiff proposes multiple bases for his appeal, including the contention that the Board's findings of subordinate facts did not support its conclusions and ultimate decision. In essence, he argues that the agency's decision is defective because it is arbitrary. See E.I.S., Inc. v. Board of Registration, 200 Conn. 145 (1986).
Under statute and case law, this court's scope of review of administrative decisions is very limited. General Statutes4-183 provides that "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." See also, Feinson v. Conservation Commission, 180 Conn. 421, 425 (1980), and numerous cases cited therein; holding that "[t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Furthermore, "[t]he court can do no more, on the factual questions presented, than to examine the record to determine whether the ultimate findings were supported, as the statute requires, by substantial evidence." Persico v. Maher,191 Conn. 384, 409 (1983).
Implicit in those hornbook rules is the obligation of the administrative agency to make findings of fact on which it can base its conclusions and its decision. Such findings of facts by the agency are also necessary because this court, on appeal, must be able to determine whether the CT Page 10477 agency's conclusions of law "reasonably and logically follow from such facts." City of New Haven v. Freedom of Information Commission, 205 Conn. 767, 774 (1988). In the present case, the Board concluded that the plaintiff "showed very poor judgment bringing a gun into a situation he knew to be tense and stressful, and, as a result, he cannot be considered a suitable person." But in stating that" [t]he exact details of the events that morning cannot be established" because of conflicting evidence, the Board explicitly declines to find any subordinate facts which might reasonably and logically support its conclusions. This is not a case where an administrative agency has merely failed to articulate its findings so as to obligate the court to search the record to determine whether the agency acted on sufficient evidence. Rather, this is a case where the agency has expressly abdicated its role as fact finder and the court cannot take on that role.
As indicated above, if the administrative agency makes no findings of fact, the court cannot perform its function on appeal. In such a case, the appropriate remedy is to remand the case so that the agency may make the necessary findings of fact based on evidence in the record. It is so ordered.
MALONEY, J.