[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Philip Rizzuto, Jr., appeals a decision of the Defendant Board of Firearms Permit Examiners sustaining the revocation of his permit to carry a pistol or revolver.
The Board acted pursuant to General Statutes § 29-32 and29-32b. The Plaintiff brings this appeal pursuant to General Statutes § 29-32b and 4-183. The court finds that the Plaintiff is aggrieved by the Board's decision to revoke his permit. Accordingly, he has the requisite standing to appeal and this court has jurisdiction.
A review of the entire record reveals the following pertinent facts:
The Plaintiff was issued a Connecticut pistol/revolver permit in 1990. On September 2-3, 1994, the Plaintiff was present at a bar/dance club in Rocky Hill, Connecticut. He arrived there in his automobile at approximately 9:30 p. m. on September 2. Prior to entering the establishment, Plaintiff removed a .22 caliber pistol which he had been carrying on his person and locked it in the trunk of his automobile. Plaintiff's automobile was parked, unattended, in a lot outside of the dance club during the time Plaintiff was inside the establishment.
The Plaintiff remained in the club until the establishment closed at approximately 2 a.m. on September 3. He testified that he consumed approximately three drinks of an alcoholic beverage called "Zima" during the time he was there. After leaving the club, Plaintiff returned to his automobile in the parking lot, removed his pistol from the locked trunk and placed it in his pocket. (Plaintiff testified at hearing that the gun was unloaded CT Page 12851-A in his car — the hearing record is silent on whether or not the gun was loaded when it was turned over to police.)
Shortly after he returned to the parking lot, the Plaintiff was assaulted during an altercation which took place there. It is undisputed that Plaintiff was, in fact, the victim of an attack. He did not use, brandish or threaten to use the pistol during the altercation, and he was not arrested in connection with this incident. The Plaintiff surrendered his pistol and permit to a Rocky Hill police officer who interviewed him at the scene following the assault.
The Commissioner of Public Safety notified Plaintiff by letter dated November 23, 1994 that Plaintiff's permit to carry pistols or revolvers was revoked. The Plaintiff appealed this action to the Defendant Board, which on March 1, 1995 conducted an administrative hearing on the matter. On March 13, 1995, the Board mailed its decision to the Plaintiff, notifying him that the Board had voted to uphold the revocation of his permit. The Board found, "based upon facts produced at hearing," that Plaintiff was "not a suitable person" to possess such a permit. It is this decision that the Plaintiff has appealed to this court.
General Statutes § 29-32 establishes the summary procedure by which either the local authority or the Commissioner of Public Safety may revoke a pistol permit:
 "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing same upon the conviction of the holder of such permit for a felony."
Section 29-32b sets forth the standards for the Board to follow in reviewing a revocation of a pistol permit by the local authority or the Commissioner of Public Safety:
 "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds such . . . a . . . revocation . . . would be for just and proper cause, it shall order such permit to be restored." CT Page 12851-B
In the instant case, the Board concluded that revocation was justified based on its determination that Plaintiff was not a suitable person to hold a pistol permit.
The terms "suitable" and "unsuitable" are not defined in Connecticut's firearms permit statutes. However, the decision inSmith's Appeal from County Commissioners, 65 Conn. 135, (1894) affords an appropriate definition:
 "A person is `suitable' who by reason of his character — his reputation in the community, his previous conduct as a licensee — is shown to be suited or adapted to the orderly conduct of a business which the law regards as so dangerous to public welfare that its transaction by any other than a carefully selected person duly licensed is made a criminal offense."
The determination of a person's suitability for a license or permit undoubtedly involves subjectivity on the part of those who review a subject's qualifications. "The word `suitable' as descriptive of an applicant for license under the statute, is insusceptible of any legal definition that wholly excludes the personal views of the tribunal authorized to determine the suitability of the applicant." Smith's Appeal from CountyCommissioners, 138, supra.
In rendering its decision on Mr. Rizzuto's suitability the Board made only the five following findings of fact:
 "1. On 9/2-9/3/94, the appellant attended a bar and dance club. He was drinking while at the club.
 2. While in the club, the appellant left his handgun locked in his car, which was unattended.
 3. After leaving the club, the appellant put the gun in his pocket.
 4. Subsequently, the appellant got involved in a fight outside the club. He made no attempt to use the gun, even though he was the victim. CT Page 12851-C
 5. After the police broke up the fight, they removed the gun from the appellant, who appeared intoxicated."
In administrative appeals such as this, it is well established by both statute and a large body of case law that the scope of judicial review is extremely limited:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . ."
General Statutes § 4-183 (j). See also Lawrence v. Kozlowski,171 Conn. 705, 372 A.2d 110 (1976).
However, where the administrative agency has failed to decide key issues of fact, the court should not perform that function on appeal. Michael Guadino v. Board of Firearms Permit Examiners, etal, 1991 Ct. Sup. 10474, 7 CSCR 100, No. CV91-90387791, Superior Court, Judicial District of Hartford/New Britain at Hartford, December 5, 1991, (Maloney, J.).
In the instant case, the issue of Plaintiff's purported intoxication while armed lies at the very heart of one element of the Board's conclusion that Mr. Rizzuto was unsuited to have a pistol permit. The court finds, however, that the Board failed to make adequate findings of fact on this crucial issue and that the court's review of the record does not enable it to resolve the factual ambiguity.
In its appeal brief, the Board asserts that "Mr. Rizzuto's intoxication while carrying a firearm is an indication of his unsuitable conduct as a licensee." However, the Board never rendered a finding of intoxication. Rather, it found that Plaintiff "appeared intoxicated."
In this case, the distinction between a finding of "intoxication" and a determination that Plaintiff "appeared intoxicated" is not merely semantical.
There was considerable conflicting testimony on the issue of intoxication at the administrative hearing.
The evidence that Plaintiff was intoxicated included the CT Page 12851-D factual and opinion testimony of Rocky Hill Police Officers Sharp and Carter, Plaintiff's admission that he drank three "Zimas," and a statement purportedly made by Plaintiff that his alcohol consumption had rendered him unfit to drive his automobile.
The Plaintiff offered countervailing evidence and testimony to show that he was not intoxicated, and that his unsteady and seemingly impaired condition resulted from the assault on his person. This included the testimony from Officer Carter that Carter observed Plaintiff being kicked in the head and chest area by his assailants. It also included photographs of Plaintiff's injuries, and Plaintiff's testimony that he suffered from dizziness and other trauma after the attack. In his testimony, the Plaintiff also offered an explanation about his alleged admission that he was unfit to drive.
If possible, the Board should have resolved this factual dispute by indicating which evidence and testimony it found credible, and which it did not. By deciding only that Plaintiff "appeared intoxicated", the Board left unresolved a factual issue which apparently constituted a major element of its "unsuitability" finding.
The Board also claims that Plaintiff was not suitable for a pistol permit because he left the firearm unattended in the locked trunk of his parked automobile. Here too, however, the Board failed to make adequate findings of fact on this issue, or to articulate with reasonable clarity how or why this act constituted an indicia of unsuitability. The court notes, for example, that there was no evidence at hearing as to how the gun was secured in the trunk, whether it was hidden or visible, and whether or not anyone other than Plaintiff knew, or could have known, of the pistol's placement there. The court also takes judicial notice of Connecticut General Statutes § 29-38, which authorizes a person with a "proper permit" to carry weapons in motor vehicles. As noted above the Board's only finding here was that the pistol was locked in the Plaintiff's unattended, parked motor vehicle.
Where an administrative agency has failed to make necessary factual findings, the court cannot determine on appeal whether the agency's conclusions of law "reasonably and logically follow from such facts." City of New Haven v. Freedom of InformationCommission, 205 Conn. 767, 774 (1988). "The Board's failure to articulate the basis of its decision substantially prejudices the CT Page 12851-E plaintiff because he is unable to determine whether, and to what extent, the decision is arbitrary, capricious, or an abuse of its discretion." Daniel Bolin v. Board of Firearms Permit Examiners,1994 Ct. Sup. 1811, No. CV93-070436, Superior Court (Maloney, J.), Judicial District of Hartford/New Britain at Hartford, February 23, 1994.
In cases where an administrative agency has not made elemental findings of fact, the appropriate remedy is to remand the case so that the agency may make the requisite findings based on evidence in the record. Michael Guadino v. Board of FirearmsPermit Examiners, surpa [supra].
Accordingly, the court orders this case remanded to the Board, with direction that it decide the unresolved factual issues referred to herein.
SO SO ORDERED.
Dyer, J.