[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Francis J Foley, III, Judge
For the Plaintiff
Guy R. DeFrances, Jr
For the Town of Durham:
Thomas P. Byrne
For the Intervenors (Marottas):
Joseph S. Borkowski
Table of Contents
I. General Statement of Law ....................................... 2
A. Aggrievement ............................................... 3
B. Timeliness and Service of Process .......................... 3
C. Standard and Scope of Review ............................... 4
II. Relevant Facts ................................................ 6
III. Issue Presented .............................................. 7
IV. Arguments of the Parties ...................................... 8 CT Page 4154
A. Plaintiffs' Argument ....................................... 8
B. Defendant ZBA's Argument ................................... 9
C. Defendant Marottas' Argument ............................... 10
IV. Relevant Substantive Law ...................................... 11
V. Finding and Order .............................................. 12
I. General Statement of Law
A. Aggrievement
Pursuant to General Statutes § 8-8 (b), "any person aggrieved by any decision of a board may take an appeal to the superior court . . ." For purposes of General Statutes § 8-8
(b), an aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1).
The plaintiff, Louis Magnarelli, testified at the hearing before this court that he has been at all times relevant to this appeal and continues to be the owner of property at 59 Brittany Drive, Durham, Connecticut, which abuts the property that is the subject of the variance. Accordingly, it is found that the plaintiffs are statutorily aggrieved.
B. Timeliness and Service of Process
General Statutes § 8-8 (b) requires that an appeal from a decision of a planning and zoning commission or a zoning board of appeals "shall be commenced by service of process [on the chairperson of the board and the clerk of the municipality] within fifteen days from the date the notice of the decision was published . . . ." See General Statutes §§ 8-8 (b), (e) and (f).
The Board published notice of its decision in the MiddletownPress on September 19, 1995. (Return of Record [ROR], Item 5.) This appeal was served on Chairperson Mark Gregg and on Laura L. Francis, Assistant Town Clerk, on September 29, 1995. (Sheriff's Return of Service.) On October 7, 1996, the court, Stanley, J., granted the plaintiffs motion to cite in Philip M. Marotta, Jr. CT Page 4155 and Deborah A. Marotta as party defendants.[1] In accordance with the court's order, this appeal was served on Phillip M. Marotta, Jr. and Deborah A. Marotta on October 22, 1996. (Sheriff's Return of Service.) Accordingly, the court finds that the appeal is timely.
Consequently, since this court has found that the plaintiffs are aggrieved and that this appeal was timely served on the proper parties, this court has jurisdiction.
C. Standard and Scope of Review
"Upon appeal, the trial court reviews the record before the [administrative agency] to determine whether it has acted fairly or with proper motives or upon valid reasons . . . ." (Internal quotation marks omitted.) Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991). "In applying the law to the facts of a particular case, the [Commission] is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id.
"It is well settled that a court, in reviewing the action of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." Farrington v. Zoning Board of Appeal, 177 Conn. 186,190, 413 A.2d 817 (1979). "[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729, 732, 546 A.2d 919, aff'd,211 Conn. 76, 556 A.2d 1024 (1988). Finally, when the decision of an administrative agency is challenged, "[t]he burden of proof is on the plaintiff to demonstrate that the [Board] acted improperly."Spero v. Zoning Board of Appeals, supra, 217 Conn. 440.
"[F]ollowing an appeal from the action of a zoning enforcement officer to a zoning board of appeal, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Casertav. Zoning Board of Appeals, 226 Conn. 80, 82, 626 A.2d 744
(1993).
II. Relevant Facts
Phillip and Deborah Marotta (hereinafter referred to as CT Page 4156 "Marottas") are the owner of a 22 acre parcel of land known as lots 10 and 11, Brittany Estates, which lots are shown on a map entitled "Property Plat Plan, Brittany Estates, Dnn Hill Road, Durham, Connecticut, dated Sept. 22, 1986. The Marrottas parcel of land is located in a Farm-Residential zone.
On February 6, 1995 the Marottas applied for a zoning permit seeking to construct two greenhouses, each containing 3,500 square feet, on the above described parcel of land in which plants would be raised and sold at wholesale.
The Marotta's application was reviewed by the Zoning Enforcement Officer, Geoffrey Colegrove (hereinafter referred to as the "ZEO"). The applicants and the plaintiffs were present at meetings on May 3, 1995 and May 31, 1995.
The general nature of the operation to be conducted on the property was to grow hanging plants in greenhouses constructed on the subject parcel. The plants were to be transported for wholesale sale in the spring and just before Christmas. According to the May 3, meeting one employee would open the greenhouse in the morning and in approximately 12 minutes time, automated drip tubes would water 700 hanging baskets. Family members would help with the operation and two people would normally be on site.
The unchallenged factual representations set forth on pages1-6 of the brief of the Durham Zoning Board of Appeals (ZBA), are adopted by the court and found to be supported in the record. Of particular significance is the statement of Commissioner Brian Ameche who stated that ". . . the majority of land in town is Farm-Residential. He noted that Durham has a long history of agriculture and that there is a long tradition wherein the zoning regulations have respected that use. He indicated his impression that the use on Brittany Drive appears to comply with the regulations that govern farm uses. Virtually every property in town that is larger than three acres in size which is located in the Farm-Residential District can be farmed." (May 3, 1995 at page 9)
III. Issue Presented
Did the Durham Zoning Board of Appeals act illegally, arbitrarily or in abuse of its discretion in sustaining the ZEO's issuance or the zoning permit? CT Page 4157
IV. Arguments of the Parties
A. Plaintiffs' Argument
1. First, the plaintiffs claim that the ZBA improperly construed their own regulations in upholding the ZEO's issuance of the zoning permit. There is no dispute that the property in question is located in a Farming-Residential (F-R) zone where farming is permitted by right pursuant to the Durham Zoning Regulations § 05.01.01.01 (14). The ZEO issued the zoning permit in question to allow the construction of a greenhouse in this F-R zone. The plaintiffs argue that, since greenhouses are specifically permitted in a commercial zone by special exception (ROR, Item 28, § 06.01 (16)) and permitted by right in an F-R zone pursuant to a non-commercial, agricultural activity (ROR, Item 28, § 02.01.03; § 05.01.01.01(2)), a greenhouse is not permitted as a commercial endeavor in a F-R zone.
2. The plaintiffs also claim that an implied condition exists in the subdivision plan for Brittany Estates that the land would only be used for residential purposes, notwithstanding the fact that other uses are permitted by right in an F-R zone. Plaintiffs claim that this is an issue of first impression.
B. Defendant ZBA's Argument
1. The ZBA argues that, since this property is located in an F-R zone where farming is permitted by right, it is not a bizarre result to allow this farm to exist in this zone. In support of this contention, the ZBA notes Durham's long tradition of farming which is still encouraged today.
Most convincingly, the ZBA advances the following interpretation of the relevant regulations. The property is located in an F-R zone, where farming is permitted by right. The Regs define "farm" as "[a]ny parcel of land containing three or more acres of land in one piece used for real or anticipated profit or as a hobby for the raising of agricultural products . . . It includes necessary farm structures . . . ." (ROR, Item 28, § 02.06.02.)
"Agricultural products" are not specifically defined in the Regs. Therefore, according to the rules for statutory interpretation, the statutory definition of "farming" found in General Statutes § 1-1(q) applies. General Statutes § CT Page 41581-1(q) provides that "`farming' shall include . . . raising or harvesting any agricultural or horticultural commodity . . . ." This section also specifically provides for the existence of greenhouses or hoophouses as part of the farming operation.
The ZBA claims that since the raising of plants falls under the dictionary definition of horticulture, the Marotta's operation is a farm, specifically permitted by right in this F-R zone.
2. Regarding the implied condition argument, pursuant to General Statutes § 8-26, a planning and zoning commission has the power to approve or disapprove of any subdivision plan. However, "nothing in this section shall be deemed to authorize the commission to approve any such subdivision . . . which conflicts with applicable zoning regulations." Therefore, the ZBA argues, the zoning regulations which apply to a certain parcel cannot be altered by conditions, implied or express, in the subdivision plan. Since farming is permitted by right in this zone no conditions in the subdivision plan can take away the right to farm this parcel.
The ZBA claims that the plaintiff's argument in this regard, instead of being an issue of first impression, is an argument without any support.
C. Defendant Marottas' Argument
As to both issues, the Marottas adopt the ZBA's brief, but note additionally as to the first issue that, just because greenhouses are specifically mentioned in two sections within the Regs, greenhouses are not restricted only to those two uses.
IV. Relevant Substantive Law
"The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation . . . ." Plastic Distributors Inc. v. Burns,5 Conn. App. 219, 225, 497 A.2d 1005 (1985). "The interpretation of a statute by an agency created to administer that statute is traditionally accorded great deference." E.I.S., Inc. v. Board ofRegistration, 200 Conn. 145, 148, 509 A.2d 1056 (1986). "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion whether a particular section of the CT Page 4159 zoning regulations applies to a given situation and the manner in which it does apply." Schwartz v. Planning and Zoning Commission,208 Conn. 146, 152, 543 A.2d 1339 (1988). However, "the interpretation of provisions in the [zoning] ordinance is . . . a question of law for the court . . . . [and] [t]he court is not bound by the legal interpretation of the ordinance by the town."Coppola v. Zoning Board of Appeals, 23 Conn. App. 636, 640,583 A.2d 650 (1990).
"When interpreting regulations, if the provisions are reasonably clear, we need not engage in further construction to ascertain their meaning." Diamond v. Marcinek, 226 Conn. 737,744, 629 A.2d 350 (1993). "The words employed by the local legislative body are to be interpreted in accordance with their natural and ordinary meaning. . . . Common sense must be used in construing the regulation, and [the court] assume[s] that a rational and reasonable result was intended by the local legislative body. Spero v. Zoning Board of Appeals, supra,217 Conn. 441.
V. Finding and Order
The court finds that the plaintiff's appeal should be dismissed.
1. In addition to their own belief that this use was a permitted use by right in the F-R zone, the ZEO and the ZBA sought a legal opinion on the issue. Attorney Byrne submitted a succinct and reasonable interpretation of the relevant Regulations which confirmed the officials' interpretation. (ROR, Item 12.)
While the court is not bound by the ZBA's interpretation of its' Regulations, the ZBA's construction is reasonable, not arbitrary and produces a rational result given the stated farming tradition in Durham and in view of the rules of statutory interpretation.
Additionally, though greenhouses are specifically mentioned in the Regulations in two sections, neither of these sections specifically limit a greenhouse to only the uses specified. Therefore, it is permissible under the Regulations for a greenhouse to exist in a setting other than the two specified.
2. A subdivision plan must conform to existing zoning regulations. If a particular use is permitted in a particular CT Page 4160 zone, no subdivision plan can interfere with that use. (Further the ZEO stated at the May 3, 1995 meeting that deed restrictions and covenants are not within the purview of the Planning and Zoning Commission. (ROR, Item 11, p. 6.))
This court has found that the ZEO's and the ZBA's interpretation of the Regulations is reasonable and not arbitrary. This particular use of the subject property is in conformity with the Regulations. Whether or not such a use conflicts with any conditions implied in the subdivision plan, or, in fact, whether the claimed condition even exists, is not a matter of concern for the ZEO, the ZBA or this court. The plaintiff must pursue other avenues to have this particular claim explored.
The court finds that this claim is not a matter of first impression. Instead, it is a claim without supporting authority in the context of an administrative appeal.
For the foregoing reasons, the appeal is dismissed.
Foley J.