[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. Nature of the Proceedings
The plaintiff, Cumberland Farms, Inc., appeals the decision of the Defendant, the Westbrook Zoning Commission (the Commission), to deny the plaintiff's Site Plan Application.
 II. FACTS
The record reveals the following facts. The subject property consists of two contiguous lots located in the Commercial Town Center District (CTC District) at 1211 and 1223 Boston Post Road in Westbrook. (Plaintiff's Brief, p. 1; Return of Record [ROR], Item 1.)
On September 16, 1996, the plaintiff submitted its Site Plan Application for the subject property. (ROR, Items 1, 2.) Subject to the approval of the Site Plan Application, the plaintiff intended to merge the two properties into a single parcel to accommodate a convenience store/gasoline station. (ROR, Item 13.) At the time of the application, a Cumberland Farms convenience CT Page 5748 store was situated on the 1211 Boston Post Road property; a gas service station facility existed on the 1223 Boston Post Road property.
The plaintiff both requested and consented to extensions of time for the Commission's decision. (ROR, Items 15, 18, 19.) Prior to the Commission's decision to deny the Site Plan Application, there existed a dispute over whether the proposed use of the subject property was a prohibited use under the Westbrook Zoning Regulations (Regulations). The plaintiff submitted a Supplemental Memorandum on this issue to the Commission prior to its decision. (ROR, Item 25.) The Commission also sought a legal opinion on the issue from its own counsel. (ROR, Item 26.)
At its regular meeting on March 25, 1997, the Commission voted unanimously to deny the Site Plan Application, listing fifteen reasons in support of its denial. (ROR, Item 34.) In part, the Commission determined that the "proposed use does not constitute an allowable accessory use since a fuel storage facility is a prohibited use." (ROR, Item 34, #2.)
On April 14, 1997, after timely service of process, the plaintiff filed this present appeal pursuant to General Statutes § 8-8(b), claiming that the Commission acted illegally, arbitrarily and in abuse of its discretion in that the Commission failed to determine that (1) the site plan met the requirements of the Westbrook Zoning Regulations; (2) the denial was contrary to the evidence in the record before the Commission; (3) the denial was contrary to law; (4) the denial was based upon an erroneous interpretation of its regulations; and (5) the Commission was predetermined to deny the application. (Plaintiff's Appeal.)
On July 8, 1997, the Commission filed its answer. The plaintiff filed its brief on August 25, 1997; the Commission's brief was filed on October 27, 1997. This court has carefully considered the testimony and evidence contained in the entire record, the parties' briefs and their oral arguments.
 III. Jurisdiction
Appeals from a decision of a zoning board may be taken to the superior court. General Statutes § 8-8(b). "Appeals to courts from administrative agencies exist only under statutory CT Page 5749 authority . . . A statutory right to appeal must be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted; internal quotations marks omitted.) Office of Consumer Counsel v. Department of PublicUtility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995)
 A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991);DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739
n. 12, 626 A.2d 705 (1992)
An owner of property which forms the subject matter of the application to the board is aggrieved. Winchester WoodsAssociates v. Planning and Zoning Commission, supra,219 Conn. 308. The plaintiff is the record owner of the subject property located at 1211 and 1223 Boston Post Road. Accordingly, this court finds that the plaintiff is aggrieved.
 B. Timeliness and Service of Process
General Statutes § 8-8(b) requires that an appeal from a decision of a zoning board "shall be commenced by service of process [on the chairperson of the board and the clerk of the municipality] within fifteen days from the date the notice of the decision was published. . . ." See General Statutes §§8-8(b), (e) and (f).
On March 25, 1997, the Commission unanimously voted to deny the Site Plan Application. (ROR, Item 34.) By letter dated March 27, 1997, the plaintiff received notice of the Commission's decision. (ROR, Item 27.) Legal notice of the Commission's decision was published in the Pictorial Gazette on March 29, 1997. (ROR, Item 35.)
This appeal was served on Chairperson Toni Nolder and on CT Page 5750 Tanya Lane, Town Clerk, on April 10, 1997. (Sheriff's Return of Service.) Accordingly, the court also finds that the appeal was timely served on the appropriate parties.
Consequently, since this court has found that the plaintiff is aggrieved and that this appeal was timely served on the proper parties, this court has jurisdiction.
 IV. Score of Review
"When the commission acts on a special permit or site plan, it acts in an administrative capacity and its function is to determine whether the applicant's proposed use is one that satisfies the standards set forth in existing regulations and statutes." Cybulski v. Planning Zoning Commission,43 Conn. App. 105, 110, 682 A.2d 1073, cert. denied, 239 Conn. 949,686 A.2d 123 (1996). "If the plan submitted conforms to these regulations, the [commission] has no discretion or choice but to approve it. . . . While a commission has limited discretion when acting in an administrative capacity . . . it does have discretion to resolve debatable questions of fact, and on appeal . . . the court should not substitute its judgment for that of the commission. (Citations omitted; internal quotation marks omitted.) Roraback v. Planning Zoning Commission,32 Conn. App. 409, 412, 628 A.2d 1350 (1993).
[U]pon appeal, the trial court reviews the record before the [commission] to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991). When the decision of an administrative agency is challenged, "[t]he burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Id. "In applying the law to the facts of a particular case, the [commission] is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Id.
"In appeals from administrative zoning decisions, . . . the decisions will be invalidated . . . if they were not supported by `substantial' evidence in that record. . . . The `substantial evidence' standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . ." (Internal quotation marks omitted.) Kaufman v.
CT Page 5751Zoning Commission, 232 Conn. 122, 151, 653 A.2d 798 (1995). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached . . . . The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." (Citations omitted; Internal quotation marks omitted.) Property Group, Inc. v. Planning Zoning Commission, 226 Conn. 684, 697, 628 A.2d 1277 (1993).
 V. Discussion
The plaintiff has correctly noted that the "threshold question in this appeal is whether the use proposed by the plaintiff is a permitted use in the CTC District. If the use is permitted and the site plan complies with other applicable regulations, the site plan application must be approved. If the use is prohibited . . . no site plan for that use could be approved regardless of its compliance with the regulations." (Plaintiff's Brief, p. 4.)
The Commission found that the proposed use was prohibited. If this reason is reasonably supported by substantial evidence in the record, this appeal must be dismissed.
Section 4.50.00 of the Regulations governs the CTC District. Section 4.52.02 delineates permitted uses in this district and states that a use not specifically permitted is prohibited. Gas stations are not specifically permitted, although, more generally, retail businesses are permitted. Section 4.52.03. The Regulations also specify certain uses that are prohibited in the CTC District. These prohibited uses include a "fuel storage facility." Section 4.55.01.
The plaintiff seeks to renovate the exterior of its existing retail convenience store and "reinstitute the retail sale of gasoline at new gasoline dispensers." (Plaintiff's Brief, p. 4.) The plaintiff claims that this intended use is "purely retail" and is "expressly permitted" in the Regulations. (Plaintiff's Brief, p. 4.) On the other hand, throughout the process of application review and as is reflected in their final decision denying the Site Plan Application, the Commission maintained that the proposed convenience store/gasoline station is a fuel storage facility, which is expressly prohibited in the Regulations.
"The question of whether a particular statute or regulation CT Page 5752 applies to a given state of facts is a question of statutory interpretation. . . ." Plastic Distributors, Inc. v. Burns,5 Conn. App. 219, 225, 497 A.2d 1005 (1985). "The interpretation of a statute by an agency created to administer that statute is traditionally accorded great deference." E.I.S., Inc. v. Board ofRegistration, 200 Conn. 145, 148, 509 A.2d 1056 (1986) "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." Schwartz v. Planning and Zoning Commission,208 Conn. 146, 152, 543 A.2d 1339 (1988). However, "the interpretation of provisions in the [zoning] ordinance is . . . a question of law for the court . . . . [and] [t]he court is not bound by the legal interpretation of the ordinance by the town."Coppola v. Zoning Board of Appeals, 23 Conn. App. 636, 640,583 A.2d 650 (1990).
"When interpreting regulations, if the provisions are reasonably clear, we need not engage in further construction to ascertain their meaning." Diamond v. Marcinek, 226 Conn. 737,744, 629 A.2d 350 (1993). "The words employed by the local legislative body are to be interpreted in accordance with their natural and ordinary meaning. . . . Common sense must be used in construing the regulation, and [the court] assume[s] that a rational and reasonable result was intended by the local legislative body. Spero v. Zoning Board of Appeals, supra,217 Conn. 441.
The convenience store/gasoline station at issue in the instant case does not fit neatly into either the expressly permitted retail store category or the expressly prohibited fuel storage facility category. The plaintiff did provide the Commission with a Supplemental Memorandum on this issue, along with an affidavit from Myles Moran, a person with much experience in the petroleum industry, who stated that "the term `fuel storage facility' would never be used to refer to a retail service station." (ROR, Item 25, Exhibit B.) In turn, the Commission, in the true spirit of thoroughness and open-mindedness, sought a review of the Memorandum from Commission counsel, who provided a comprehensive response. (ROR, Item 26.)
Facilities such as this proposed use are specifically addressed in other sections of the Regulations. Pursuant to § CT Page 5753 4.94.03, facilities for the dispensing of motor vehicle fuel are expressly permitted subject to special permit and site plan review in the Turnpike Interchange District — 65 (TIC-65). In the Commercial Boating District, subject to special permit and site plan review, "[t]he retail sale and dispensing of fuel and lubricants at dockside [is expressly permitted] but expressly exclud[es] the bulk storage of fuel." Section 4.63.07. In the Neighborhood Commercial District, a "fuel storage/dispensing facility" is expressly prohibited. Section 4.113.05(d). Nevertheless, in the CTC District, the Regulations neither expressly prohibit nor expressly permit this proposed use.
The Commission's decision is supported by substantial evidence in the record. The proposed use is not simply a retail use. While in the court's mind "fuel storage facility" means above-ground tanks intended to store fuel for bulk sale, the term does not exclude underground fuel storage tanks for retail fuel dispensing. The Regulations clearly permit only those uses expressly permitted and explicitly exclude all other uses. The proposed use is not expressly permitted in the CTC District.
Based upon the facts of this case, the applicable Regulations and the foregoing principles of statutory construction, the Commission's decision to deny the Site Plan Application because the "proposed use does not constitute and allowable accessory use since a fuel storage facility is a prohibited use" was not unreasonable, arbitrary or illegal. The Commission determined that the proposed use did constitute a fuel storage facility. As a result, the Site Plan Application did not comply with the applicable Regulations for the CTC District.
As to the opinion expressed by Myles Moran, it is for the Commission to determine how much weight to assign to it. "A reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the commission. . . . Furthermore, on factual issues material to the reasons for the commission's decision, the credibility of witnesses is within the province of the commission." (Citation omitted.) Whisper WindDevelopment Corporation v. Planning Zoning Commission,32 Conn. App. 515, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100
(1994).
On the issue of predetermination, the plaintiff filed a Motion to Introduce Evidence in Addition to the Contents of the CT Page 5754 Record (#111) on December 8, 1997. This motion was granted by the court on January 22, 1998 and additional evidence was presented to the court in the form of the testimony of Peter Alter, Michael Kelly, Anthony Marino and Toni Nolder, just prior to the court's hearing on the merits of the appeal. Based upon the evidence adduced at the evidentiary portion of this proceeding, and all reasonable inferences that may be drawn therefrom, this court concludes that the plaintiff has not sustained its burden of proof on this issue. The Commission, which consists of lay persons, wisely sought the advice of counsel on this issue. In addition, it spent a great deal of time listening to the plaintiff's argument and discussing the issue amongst Commission members. (ROR, Items 29, 31, 34.)
 VI. Conclusion
In conclusion, the Commission's decision to deny the Site Plan Application on the ground that the proposed use was prohibited in the Regulations was not unreasonable, arbitrary or illegal. Instead, it was reasonably supported by substantial evidence in the record Accordingly, the plaintiff's appeal ought to be and is hereby ordered dismissed.
BY THE COURT:
ARENA, J.